UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT STILLWELL, et al.,<br><br>                                    Plaintiffs,<br>      v.<br>RADIOSHACK CORPORATION,<br>                                    Defendant. | Civil No.    07cv607 JM (CAB)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART THE PARTIES' JOINT MOTION TO CONTINUE ALL CASE MANAGEMENT DATES**<br>**[Doc. No. 50.]** |

      On February 25, 2009, the Court held a telephonic conference regarding the parties' joint motion to modify the scheduling order in this matter.  The Court finds good cause to modify the scheduling order as follows:

      1.    Each expert witness designated by a party shall prepare a written report to be provided to all other parties **no later than <u>June 22, 2009</u>**, containing the information required by Fed. R. Civ. P. 26(a)(2)(A) and (B).

      **Except as provided in the paragraph below, any party that fails to make these disclosures shall <u>not</u>, absent substantial justification, be permitted to use evidence or testimony not disclosed at any hearing or at the time of trial.  In addition, the Court may impose sanctions as permitted by Fed. R. Civ. P.  37(c).**

      2.    Any party, through any expert designated, shall in accordance with Fed. R. Civ. P. 26(a)(2)(C) and Fed. R. Civ. P. 26(e), supplement any of its expert reports regarding evidence intended

1  solely to contradict or rebut evidence on the same subject matter identified in an expert report submitted
2  by another party.  Any such supplemental reports are due on or before **July 10, 2009**.

3        3.     <u>All</u> discovery, including expert discovery, shall be completed on or before **August 1,**
4  **2009**.  *"Completed"* means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure
5  must be initiated a sufficient period of time in advance of the cut-off date, so *that it may be completed* by
6  the cut-off date, taking into account the times for services, notice, and response as set forth in the Federal
7  Rules of Civil Procedure.  All discovery motions must be filed within 30 days of the service of an
8  objection, answer or response which becomes the subject of dispute or the passage of a discovery due
9  date without response or production, and only after counsel have met and conferred and have reached
10 impasse with regard to the particular issue.  Counsel shall refer to Judge Bencivengo's chambers rules
11 for handling discovery disputes, which are available at the Court's website.

12       4.     All motions, other than motions to amend or join parties, or motions in limine, shall be
13 **<u>FILED</u>** on or before **August 24, 2009**.

14       Please be advised that counsel for the moving party must obtain a motion hearing date from the
15 law clerk of the judge who will hear the motion.  Be further advised that the period of time between the
16 date you request a motion date and the hearing date may vary from one judge to another.  Please plan
17 accordingly.  For example, you may need to contact the judge's law clerk in advance of the motion cut-
18 off to assess the availability of the Court's calendar.  **Failure of counsel to timely request a motion**
19 **date may result in the motion not being heard.**

20       5.     Briefs or memoranda in support of or in opposition to any pending motion shall not
21 exceed twenty-five (25) pages in length without permission of the judge or magistrate judge who will
22 hear the motion.  No reply memorandum shall exceed ten (10) pages without leave of the judge or
23 magistrate judge who will hear the motion.

24       6.     A Mandatory Settlement Conference shall be conducted on **August 20, 2009**, **at 2:00**
25 **p.m.** in the chambers of Magistrate Judge Cathy Ann Bencivengo.  Counsel shall submit **confidential**
26 settlement statements **directly to chambers** no later than **August 13, 2009**.  Each party's settlement
27 statement shall set forth the party's statement of the case, identify controlling legal issues, concisely set
28 out issues of liability and damages, and shall set forth the party's settlement position, including the last

offer or demand made by that party, and a separate statement of the offer or demand the party is prepared to make at the settlement conference. **Settlement conference briefs shall not be filed with the Clerk of the Court, nor shall they be served on opposing counsel.** Please note settlement conference briefs shall be submitted by courier directly to chambers, not faxed or emailed.

      7.      Pursuant to Local Civil Rule 16.3, all party representatives and claims adjusters for insured defendants with full and unlimited authority[1] to negotiate and enter into a binding settlement, as well as the principal attorney(s) responsible for the litigation, must be present and legally and factually prepared to discuss and resolve the case at the mandatory settlement conference. Retained outside corporate counsel <u>shall not</u> appear on behalf of a corporation as the party who has the authority to negotiate and enter into a settlement. Failure to attend the conference or obtain proper excuse will be considered grounds for sanctions.

      8.      Parties or their counsel shall serve on each other and file with the Clerk of the Court their Memoranda of Contentions of Fact and Law in compliance with Local Rule 16.1(f)(2) on or before **<u>November 27, 2009</u>**.

      9.      All parties or their counsel shall also fully comply with the Pretrial Disclosure requirements of Fed. R. Civ. P. 26(a)(3) on or before **<u>November 27, 2009</u>**. **Failure to comply with these disclosures requirements could result in evidence preclusion or other sanctions under Fed. R. Civ. P. 37.**

      10.      Counsel shall meet together and take the action required by Local Rule 16.1(f)(4) on or **before <u>December 4, 2009</u>**. At this meeting, counsel shall discuss and attempt to enter into stipulations and agreements resulting in simplification of the triable issues. Counsel shall exchange copies and/or display all exhibits other than those to be used for impeachment. The exhibits shall be prepared in accordance with Local Rule 16.1(f)(4)(c). Counsel shall note any objections they have to any other

---

[1] "Full authority to settle" means that the individuals at the settlement conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. <u>Heileman Brewing Co., Inc. v. Joseph Oat Corp.</u>, 871 F.2d 648 (7th Cir. 1989). The person needs to have "unfettered discretion and authority" to change the settlement position of a party. <u>Pitman v. Brinker Intl., Inc.</u>, 216 F.R.D. 481, 485-486 (D. Ariz. 2003). The purpose of requiring a person with unlimited settlement authority to attend the conference includes that the person's view of the case may be altered during the face to face conference. <u>Id.</u> at 486. A limited or a sum certain of authority is not adequate. <u>Nick v. Morgan's Foods, Inc.</u>, 270 F.3d 590 (8th Cir. 2001).

parties' Pretrial Disclosures under Fed. R. Civ. P. 26(a)(3). Counsel shall cooperate in the preparation of the proposed pretrial conference order.

11. The proposed final pretrial conference order, including objections they have to any other parties' Fed. R. Civ. P. 26(a)(3) Pretrial Disclosures shall be prepared, served and lodged with the Clerk of the Court on or before **December 11, 2009**, and shall be in the form prescribed in and in compliance with Local Rule 16.1 (f)(6). Counsel shall also bring a court copy of the pretrial order to the pretrial conference.

12. The final pretrial conference shall be held before the **Honorable Jeffrey T. Miller**, United States District Court Judge, on **December 18, 2009**, at **8:30 a.m.**

13. The trial in this matter shall commence on **January 19, 2010** at **10:00 a.m.**

14. The dates and times set forth herein will not be modified except for good cause shown.

15. Plaintiff's counsel shall serve a copy of this order on all parties that enter this case hereafter.

16. All corresponding dates are **VACATED**.

Additionally, a telephonic status conference is set for **March 13, 2009**, at **2:00 p.m.** before Judge Bencivengo. The parties shall meet and confer on all outstanding discovery issues and submit letter briefs directly to chambers, no later than **March 11, 2009**, briefly outlining any unresolved discovery issues. Counsel for Defendant shall coordinate and initiate the call.

**IT IS SO ORDERED**.

DATED: February 26, 2009

_____
**CATHY ANN BENCIVENGO**
United States Magistrate Judge