UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT STILLWELL, et al.,<br><br>　　　　　　　　　　　　Plaintiffs,<br><br>　v.<br><br>RADIOSHACK CORPORATION,<br><br>　　　　　　　　　　　　Defendant. | Civil No.   07cv607 JM (CAB)<br><br>**ORDER REGARDING DEFENDANT'S MOTION TO COMPEL FURTHER INTERROGATORY RESPONSES**<br>**[Doc. No. 45.]** |

On March 25, 2009, the Court held a telephonic hearing on Defendant's motion to compel further interrogatory responses. Jeff Fillerup, Esq., and Diana Donabedian, Esq., appeared for Plaintiffs. Randy Grossman, Esq., and Kelly O'Donnell, Esq., appeared for Defendant. Having considered the briefs submitted by the parties and the arguments of counsel, the motion is **GRANTED IN PART** and **DENIED IN PART**.

This is a breach of contract case in which Plaintiffs, RadioShack franchisees, claim that RadioShack breached various provisions of their franchise agreements. Defendant propounded interrogatories on Plaintiffs and moved to compel further responses to Interrogatories Nos. 1 and 2.[1] Interrogatory No. 1 asks:

> Do YOU contend that the form franchise agreement attached as Exhibit 1 to YOUR COMPLAINT was not the product of the class action settlement in *HEW Corporation et al.*

---

[1] Interrogatory No. 2 was dependent on the response to Interrogatory No. 1. Given the Court's ruling, *infra*, on the motion to compel further response to Interrogatory No. 1, the motion with regard to Interrogatory No. 2 is moot.

1

*v. Tandy Corporation* (as referenced in Paragraph 9 of YOUR COMPLAINT)?

Plaintiffs' response included objections and stated:

Without waving the foregoing objections and without waiving any privileges, Plaintiff responds as follows: Plaintiff believes that its franchise agreement includes concessions that RadioShack made to RadioShack franchisees as part of a settlement of the franchisees' suit against RadioShack in the 1970's, and that the revised franchise agreement has the meaning and interpretation alleged in the complaint in this case. The Plaintiff will also produce business records in responding to this interrogatory.

Defendant argues that Interrogatory No. 1 calls for a yes or no answer and the response served by Plaintiffs does not answer the question. Defendant's interrogatory references a specific document, the agreement attached as Exhibit 1 to Plaintiffs' complaint and asks whether it was the "product of the class action settlement." Plaintiffs' response refers to "its franchise agreement" and states it includes concessions made as part of the settlement of a 1970 franchise suit and further refers to "the revised franchise agreement." It is ambiguous whether the response is referring to the same agreement as the "form franchise agreement" attached as an exhibit to the complaint and the same settlement.

In its opposition to the motion to compel, Plaintiffs state that the "concessions [made to settle the class action suit] were memorialized in the revised franchise agreement" and "each plaintiff is a party to that form of the franchise agreement that resulted from the class action." (Doc. 61 at 2.) It could be inferred from this statement that (1) the form franchise agreement – Exhibit 1 – is the same document Plaintiff refers to in its response as "its franchise agreement" and "the revised franchise agreement" and (2) Exhibit 1 was the result of the class action settlement. However the plaintiff's verified response remains ambiguous. Moreover, arguments made by counsel suggest that the agreement attached to the Plaintiffs' complaint is an exemplar of the franchise agreement Defendant is alleged to have breached but may not be the precise agreement as to each Plaintiff.

Accordingly, Defendant is entitled to a further response. However, the agreements at issue in this case need to first be identified with specificity. Therefore, Plaintiffs are not required to provide a further response to Interrogatory No. 1. Plaintiffs are required to identify to Defendant the franchise agreement each Plaintiff claims was breached by specifically identifying the document using whatever

///

identifying production numbers apply or producing such agreements if not previously produced, **no later than April 1, 2009**.

Defendant may serve interrogatories for verified response regarding the identified documents and their relationship to the class action settlement, **no later than April 3, 2009**. Responses to the interrogatories will be due in accordance with the Federal Rules of Civil Procedure.

**IT IS SO ORDERED**.

DATED: March 27, 2009

_____
**CATHY ANN BENCIVENGO**
United States Magistrate Judge